**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GRAZYNA S. GREZAK, | |
|                  Plaintiff, | CIVIL ACTION NO. 3:15-CV-02368 |
| v. | (MANNION, D.J.) |
| MARZEC LAW FIRM, et al., | (MEHALCHICK, M.J.) |
|                  Defendants. | |

**MEMORANDUM**

This is a legal malpractice action, initiated upon the filing of a *pro se* complaint in this matter on December 10, 2015, by Plaintiff Grazyna S. Grezak who seeks "punitive and nominal damages" against her former attorney Darius A. Marzec and the Marzec Law Firm arising from his representation of her in an underlying New York state court proceeding. An amended complaint was filed as a matter of course on December 17, 2015. (Doc. 5). Additionally pending before this Court is a motion to proceed *in forma pauperis* (Doc. 2), and a motion seeking a temporary stay in the above-captioned case (Doc. 6).

For the reasons provided herein, the Court will grant Plaintiff's motion to proceed *in forma pauperis* (Doc. 2), but will deny the motion to stay (Doc. 6), and will *sua sponte* dismiss the complaint without prejudice for lack of subject-matter jurisdiction.

**I.  BACKGROUND**

Plaintiff Grzyna S. Grezak, proceeding *pro se*, initiated this lawsuit on December 10, 2015. (Doc. 1). An amended complaint was filed on December 17, 2015. (Doc. 5). Plaintiff appears to allege that her former attorney, Darius A. Marzec of the Marzec Law Firm, committed several procedural errors, made libelous statements, threatened her life, and

intentionally caused her to lose certain rights in an underlying New York state court action. (Doc. 5).

## II. DISCUSSION

Subject matter jurisdiction may be predicated on federal-question jurisdiction under 28 U.S.C. § 1331, or diversity jurisdiction under 28 U.S.C. § 1332. A federal court is required to assess its own jurisdiction over any controversy it may hear, even when the parties have not asserted any jurisdictional question. *See Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n,* 554 F.2d 1254, 1256 (3d Cir. 1977) ("[Federal Courts] are without power to adjudicate the substantive claims in a lawsuit, absent a firm bedrock of jurisdiction."). Consequently, doubts with respect to subject-matter jurisdiction may be raised *sua sponte* by the Court pursuant to Federal Rule of Civil Procedure 12(h)(3). *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

While the Court is mindful that that *pro se* complaints must be afforded considerable latitude and construed so "as to do substantial justice," *Alston v. Parker,* 363 F.3d, 229, 234 (3d Cir. 2004), *pro se* plaintiffs are not relieved of the requirement to plead an adequate jurisdictional basis for their claims.

### A. FEDERAL QUESTION JURISDICTION

As an initial matter, Plaintiff checked the "federal question" box on her civil coversheet to invoke federal question jurisdiction over her complaint pursuant to 28 U.S.C. § 1331.

Federal-question jurisdiction requires that a complaint "aris[e] under the Constitution, laws, or treaties of the United States." Specifically, a federal question exists where a well-pleaded complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal

law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 27–28 (1983). "At the pleadings stage, the presence of federal question jurisdiction turns on whether 'a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Hubi v. Nalty,* No. CIV.A. 10-3821, 2011 WL 2292808, at *1 (E.D. Pa. June 8, 2011) (quoting *Bracken v. Matgouranis,* 296 F.3d 160, 163 (3d Cir. 2002)).

Here, the complaint alleges that the malfeasance exhibited by Plaintiff's privately retained attorney resulted in a violation of her constitutional rights under the First, Fifth, and Fourteenth Amendments. (Doc. 5, at 1). However, Plaintiff's allegations of malpractice on the part of her privately retained counsel do not give rise to a claim cognizable under the court's federal-question jurisdiction. *See Steward v. Meeker,* 459 F.2d 669 (3d Cir. 1972) (holding that privately retained attorney does not act under color of state law by representing a client as is required to state a claim under Section 1983); *Stackhouse v. Crocker*, 266 F. App'x 189, 190 (3d Cir. 2008) ("[E]ven if we were to disregard the usage of the pre-printed form . . . the complaint does not contain a basis for the District Court to otherwise exercise its jurisdiction. [While plaintiff] could be claiming that his attorney is liable for malpractice, [ ] as a state law claim, there is no basis of federal jurisdiction . . . ."). Indeed, the allegations contained in the complaint lie exclusively within the jurisdiction of the state courts. Thus, the complaint provides no basis for this Court to invoke federal-question jurisdiction over Plaintiff's claim against her private attorney.

B. DIVERSITY JURISDICTION

While Plaintiff does not allege jurisdiction based upon diversity of citizenship under 28 U.S.C. § 1332(a)(1), in construing the complaint liberally, the Court nevertheless considers whether jurisdiction is proper by reason of the diversity of the parties given the lack of a federal

question presented. Pursuant to 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." "Jurisdiction under 28 U.S.C. § 1332(a)(1) requires complete diversity of the parties; that is, no plaintiff can be a citizen of the same state as any of the defendants." *Grand Union Supermarkets of the Virgin Islands, Inc. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003) (citing *Carden v. Arkoma Assocs.,* 494 U.S. 185, 187 (1990)). In determining whether the amount in controversy meets the requisite jurisdictional threshold, the Court applies the following standard:

> The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction.... But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed.

> *St. Paul Mercury Indem.Co. v. Red Cab. Co.,* 303 U.S. 283, 288-89 (1938).

In the instant matter, it appears that diversity of citizenship exists because Plaintiff is a citizen of Pennsylvania and Defendants are domiciled in New York. However, Plaintiff's failure to provide any dollar figure request for damages, let alone an amount in controversy in excess of $75,000, precludes the Court from exercising subject matter jurisdiction pursuant to the diversity statue.

Accordingly, in accordance with its continuing obligation to assess its subject matter jurisdiction, the Court must *sua sponte* dismiss the complaint without prejudice for lack of federal question jurisdiction over any state law claim that could be construed from the

complaint against the named non-state actor Defendants, and for failure to assert diversity jurisdiction. However, given Plaintiff's *pro se* status, to the extent the jurisdictional defect can be cured by way of amendment, Plaintiff is granted thirty (30) days to file an amended complaint.

### III. CONCLUSION

Based on the foregoing, Plaintiff's motion to proceed *in forma pauperis* (Doc. 2), will be **GRANTED**. The amended complaint (Doc. 5), will be **DISMISSED** for lack of subject-matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure. In light of this dismissal, Plaintiff's motion to stay (Doc. 6), will be **DENIED AS MOOT**. However, Plaintiff will be permitted to file an amended complaint within thirty (30) days following entry of this Memorandum and corresponding Order to cure the jurisdictional defect identified above. Failure to do so within this timeframe may result in a recommendation of dismissal without prejudice.

An appropriate Order follows.

BY THE COURT:

**Dated: December 21, 2015**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**